IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRI LEIGH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-0613 |
| ) | Judge Trauger |
| STAR TRANSPORT, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This is a Title VII case in which the plaintiff, Jerri Leigh Jackson, proceeding *pro se*, claims that the defendant, Star Transport ("Star"), illegally discriminated against her when it declined to hire her as a truck driver in 2008. (Docket Nos. 1 and 18.) Upon the plaintiff's application to Star in 2008, Star apparently invited the plaintiff to attend a multi-day orientation, at the conclusion of which Star decided not to employ the plaintiff. (*Id.*) In materials filed with the court since her Complaint, the plaintiff has alleged that Star "embezzled" money from her during that multi-day orientation. (*See* Docket No. 54 at 1-4.) Magistrate Judge Brown has been managing this case pursuant to referral Order. (*See* Docket No. 49.)

On February 4, 2010, the plaintiff filed two motions. (Docket Nos. 54 and 55.) The first motion is titled "Motion to Compel Judicial Viewing of Proof of Defendant Embezzlement." (Docket No. 54)(the "judicial viewing" motion). Attached to this motion is about sixty pages of material that, Jackson claims, shows that the plaintiff was a victim of embezzlement by Star. (*See id*.) The second motion is titled "Motion to Compel a Judge's Decision on Allowing

1

[Defense Counsel] to View the Large Sheets Submitted [to the Court] for Case Materials for Complaint Intake 6/29/09." (Docket No. 55)(the "defendant viewing" motion). By this motion, the plaintiff "requests that the opposing attorneys preview the large sheets [of] case materials that [the court] ha[s] housed since" the Complaint was filed because the materials "are voluminous but very important to this case." (*Id.* at 1.)

On February 9, 2010, Judge Brown issued an Order denying both motions. (Docket No. 56.) As to the "judicial viewing" motion, Judge Brown was "unsure what the Plaintiff [was] seeking," but he noted that, if the plaintiff was attempting to file a motion for summary judgment, she needed to do so in a manner that was compliant with Fed. R. Civ. P. 56 and with the local rules. (*Id.* at 1.) As to the "defendant viewing" motion, Judge Brown denied the motion as moot, stating that all materials provided to the court should have already been provided to Star, but Star's counsel "are certainly free to view the documents at the courthouse at any time." (*Id.*) Judge Brown concluded by noting that he was "unaware of any law that allows [the court] to direct Defendants' counsel to view documents at the courthouse." (*Id.*)

On February 26, 2010, the plaintiff filed a "Motion to Appeal" Judge Brown's February 9, 2010 Order, which this court interprets as a "Motion for Review." (Docket No. 59; *see also* L.R. 72.02(b)(1)).[1] In her motion, the plaintiff largely reiterates her position that she has a valid

---

[1]The plaintiff attempted to appeal Judge Brown's February 9, 2010 Order to the Sixth Circuit, but, on March 30, 2010, the Sixth Circuit dismissed the appeal, stating that the district court was the proper forum for the plaintiff's "appeal" of the Magistrate Judge's ruling on a non-dispositive motion. (Docket No. 68.) While the plaintiff's "appeal" was pending, the court denied as moot (Docket No. 60) a "Motion to Compel Judicial Appeal" (Docket No. 51) that the plaintiff had filed objecting to various rulings made by Judge Brown in a December 16, 2009 Order (Docket No. 42) following the case management conference. To be clear, the plaintiff's

"embezzlement" claim against Star. (Docket No. 59 at 1-2.) She also claims that she has turned over all of the materials that she is required to submit to defense counsel, and defense counsel should be permitted to go through the voluminous documents that the plaintiff cited in her "defendant viewing" motion. (*Id.* at 2.) The plaintiff also cites and provides an Order entered by Magistrate Judge Bryant in *Jackson v. Falcon Transport Company*, Case No. 3:08-771, for the proposition that Judge Bryant allowed the defendant's counsel in that case "to view court stored case documents." (*Id.*) Apparently, at the case management conference in this matter, Judge Brown told the plaintiff that he and Judge Bryant managed their cases in the "same way." (*Id.*)

Under Fed. R. Civ. P. 72(a), when a party timely objects to a Magistrate Judge's order on a non-dispositive issue, the district judge must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Judge Brown correctly evaluated the issues here. The Rules of Civil Procedure dictate that, at this stage in the proceedings, if the plaintiff wishes the court to consider the evidence in support of her claims, she may file a proper motion for summary judgment, which she has not done.

---

Motion to Compel did not state valid objections to Judge Brown's Order. Rather, the plaintiff's motion is simply a listing of the motions ruled upon by Judge Brown, combined with the plaintiff's assertions that Judge Brown had orally promised to rule differently at the Case Management Conference. (Docket No. 51 at 1-3.) These are not properly founded objections to a Magistrate Judge's Order, and, therefore, this motion would have been denied whether the plaintiff had appealed or not. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Also in that December 16, 2009 Order, interpreting one of the plaintiff's previous filings as a potential objection to one of his rulings, Judge Brown "transmit[ted]" to this court the issue of whether there should be "re-service" of the Complaint in light of the possibility that Star may not have received the plaintiff's EEOC Charge/right-to-sue letter in hard copy form. (Docket No. 42 at 4.) The court has reviewed the record in this case, and, consistent with Judge Brown's ruling, determines that "re-service" is not necessary, as the defendant has been able to view evidence of the EEOC Charge and the plaintiff's "right to sue" on the ECF system. (Docket No. 1 Ex. 1.)

3

Therefore, the plaintiff's objections as to the "judicial viewing" motion are **OVERRULED.**

As to the "defendant viewing" motion, as Judge Brown stated, the court knows of no authority that would permit the court to compel the defense counsel to view certain materials at a certain place. Judge Bryant's Order in the *Falcon Transport* case concerned a stack of hard-copy materials contained in "expandable folders" that the plaintiff (apparently also the plaintiff in this case) had filed along with her Complaint. (Case No. 3:08-771 Docket No. 90.) The plaintiff then moved to recover these materials during the course of the proceedings. (*Id.*) Noting that the court had not reviewed the materials and that the materials were "not specifically referenced as exhibits to the complaint," Judge Bryant conditionally released the documents back to the plaintiff, provided that the defendant had 45 days to "review these documents and file any objection it may have to the granting of plaintiff's motion." (*Id.*)

*Falcon Transport*, therefore, presents a factually distinct scenario from this case. Moreover, there, Judge Bryant merely allowed the defendant an opportunity to view the materials at issue; he did not compel the defendant to do so. As Judge Brown made clear, defense counsel is free to view these materials at the courthouse if they so choose. The plaintiff has not brought forth any material to persuade the court that Judge Brown evaluated this issue incorrectly. Therefore, the plaintiff's objection is **OVERRULED.** This matter is **REFERRED** back to Judge Brown pursuant to the Referral Order (Docket No. 49).

4

Entered this 21st day of April 2010.

_____
ALETA A. TRAUGER
United States District Judge

5