```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JERRI LEIGH JACKSON,            )
                                )
        Plaintiff               )
                                )       No. 3:09-0613
v.                              )       Judge Trauger/Brown
                                )
STAR TRANSPORT, et al.,         )
                                )
        Defendants              )

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is the Plaintiff's motion for summary judgment (Docket Entry 78). For the reasons stated below the Magistrate Judge recommends that this motion be denied for failure to comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01 and for failure to show there are no contested material facts.

**Background**

This case began with a complaint filed on June 26, 2009, which was several hundred pages in random order in three large envelopes (Docket Entry 1). After a number of preliminary motions and other proceedings a scheduling order was entered in this matter (Docket Entry 42) and the matter was initially set for trial on April 12, 2011 (Docket Entry 49). As part of the proceedings the Plaintiff filed a motion to compel judicial viewing (Docket Entry 54). This motion was denied by the Magistrate Judge and denial was confirmed by the District Judge (Docket Entries 56 and 69). In these orders it was pointed out that if the Plaintiff wished to

file a motion for summary judgment she needed to comply with Federal Rules of Civil Procedure 56 and Local Rule 56. The Plaintiff has now filed a motion for summary judgment (Docket Entry 78) accompanied by a notice, memorandum, medical document updates and alternative dispute resolution media relief list Docket Entries 71 and 79). These three docket entries, which the Magistrate Judge believes the Plaintiff intends to be part of her motion for summary judgment, comprised some 389 pages. The motion for summary judgment itself (Docket Entry 78) is 44 pages long.

Local Rule 7.01 dealing with motions and briefs provides at Subsection (e)(1) that briefs should be submitted as provided by Rule 7.03 and shall not exceed 25 pages without leave of Court. Local Rule 56.01 on motions for summary judgment provides that a motion for summary judgment

> . . . shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate numbered paragraph. Each fact shall be supported by specific citations of record. After each paragraph the word 'Response' shall be inserted and a blank space shall be provided reasonably calculated to enable the nonmoving party to respond to the assertion of the fact it is undisputed.

Unfortunately, the pleadings in this case do not even come close to complying with these basic requirements. In order to grant summary judgment the moving party must present admissible evidence supporting their contentions.

In this case, much of the material submitted by the Plaintiff is simply not in an admissible form, such as testimony

taken under oath in a deposition, an affidavit of a witness or of a party, or some other method that would allow the evidence to be considered as admissible under the Federal Rules of Evidence. This set of pleadings simply leaves the Court with the impossible task of attempting to sort through almost 400 pages of material, plus several hundred pages of a complaint in order to determine whether there are undisputed facts that would entitle the Plaintiff to summary judgment. Just as an individual responding to the motion for summary judgment must point to admissible evidence in the record to establish that there is a genuine issue of material fact, the moving party must show "There is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c)(2).

Just as the District Court need not search the record to find references for a nonmoving party, *Parsons v. Federal Express*, 360 F. App. 642 (6th Cir. 2010), it is not the Court's duty to search the record for the moving parties' evidence that there are no material facts in dispute when the moving party does not give the Court specific guidance. In this case the Plaintiff's failure to follow Local rule 56.1 is particularly critical given the voluminous nature of her pleadings and the lack of references to specific items to support her contention that there are no disputed facts. A statement of uncontested facts in accordance with Local Rule 56 would have gone a long way to resolve this issue.

Nevertheless, the Magistrate Judge has attempted to read through her pleadings and once again finds that the Plaintiff expresses a number of conclusions, but does not cite to actual admissible evidence to support those conclusions. She has not provided her testimony in an affidavit and much of the material attached is simply letters and correspondence, which are not admissible as presented.

For these reasons the Magistrate Judge recommends that this motion for summary judgment be denied for failure to comply with the Rules and because, despite his best efforts to sort through the material, the Magistrate Judge is unable to conclude, from the Plaintiff's pleadings, that there are no genuine issues of fact.

Denial of the motion at this point does not, of course, preclude the Plaintiff from bringing a motion in proper form at a later date. If this Report and Recommendation is adopted, the Defendants' motion for additional time (Docket Entry 80) is moot.[1]

**Recommendation**

---

[1] The Magistrate Judge would note that if he were ruling on this motion as filed, he would deny the motion for extension of time inasmuch as the Defendants have also failed to comply with Federal Rule of Civil Procedure 56(f). When seeking additional time to respond to a motion for summary judgment, the party opposing the motion must show by **affidavit** that for specific reasons it cannot present facts essential to justify its opposition. Although the Defendants have stated certain reasons why they believes they need additional time, they have not done so by affidavit.
    Just as the Plaintiff must follow the Federal Rules of Civil Procedure, the Defendants must also comply.

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's motion for summary judgment (Docket Entry 78) be denied without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 26th day of August, 2010.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge